USCA1 Opinion

 

 February 7, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1454 RAMON TORRES GONZALEZ, ET AL., Plaintiffs, Appellants, v. SARGENTO BENITO, ET AL., Defendants, Appellees. . ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Boudin, Circuit Judges. ______________ ____________________ Frederic Chardon Dubos for appellants. ______________________ Silvia Carreno Coll, Assistant United States Attorney, with whom ___________________ Charles E. Fitzwilliam, United States Attorney, was on brief for _______________________ appellees Thomas M. Telles and Cruz Cordero, Jr. Vannessa Ramirez, Assistant Solicitor General, Department of _________________ Justice, with whom Carlos Lugo Fiol, Acting Solicitor General, and _________________ Reina Colon De Rodriguez, Acting Deputy Solicitor General, were on _________________________ brief for state defendants-appellees Benito and Lopez-Feliciano. ____________________ ____________________ Per Curiam. Ramon Torres Gonzalez ("Torres") was ___________ arrested by federal agents and local police at his home in Puerto Rico on the night of September 18, 1987. He was charged with possessing cocaine with intent to distribute. 21 U.S.C. 841(a)(1). He was subsequently tried and acquitted by the jury. On September 19, 1988, Torres, his wife, and two children brought a civil action charging various federal and local law enforcement officers with violating the plaintiffs' constitutional rights, primarily based upon alleged rough treatment meted out to Torres incident to his arrest. The named defendants were two agents of the Drug Enforcement Administration, a Puerto Rico police sergeant, a local police detective, and the superintendent of police in Puerto Rico (who was charged with inadequately supervising the police). The constitutional claims against the local officials were based on 42 U.S.C. 1983, 1985; those against the federal officials were apparently based on Bivens ______ v. Six Unknown Named Agents of the Federal Bureau of _________________________________________________________ Narcotics, 403 U.S. 388 (1971). Related pendent claims were _________ asserted under Puerto Rican law. After a number of motions and deposition discovery, the defendants moved for summary judgment. The magistrate judge recommended that the defendants' motions for summary judgment be granted and that the pendant state claims not be -2- -2- entertained. The district court adopted the recommendation, granting summary judgment on the merits on the federal claims and declining to proceed with the state claims. The plaintiffs appeal. We affirm. In their brief on appeal, the only claim that plaintiffs try seriously to develop is Torres' own claim that the agents used excessive force incident to the arrest.1 Although he says that the agents used vile language, we do not think this makes out a constitutional claim, nor can much weight be given to Torres' terse statement that he was grabbed by the chest and pushed onto a sofa. He does not claim to have been struck. The only allegation that arouses some concern is his claim that his hands were handcuffed behind him during his transportation in such a way that his hands swelled and were sore for several days. Although Torres' brief on appeal cites only to his right to "substantive" due process, the Supreme Court has said that abuse incident to arrest is tested under the Fourth Amendment's more specific provisions governing seizure. Graham v. Connor, 490 U.S. 386 (1989); cf. Albright v. ______ ______ ___ ________ Oliver, 62 U.S.L.W. 4078 (U.S. Jan. 24, 1994) (plurality ______ ____________________ 1The amended complaint charged that the arrest was made without a warrant but in due course a warrant was produced and is not challenged on appeal. The complaint also alleged that Torres' car and apartment were searched but the brief on appeal makes no effort to show that the searches were unlawful. -3- -3- opinion). Whatever the constitutional source of protection, trying to determine when physical force is so excessive as to amount to unconstitutional official action is a recurrent and vexing problem that arises in various situations. E.g., ____ Hudson v. McMillian, 112 S. Ct. 995 (1992) (prison ______ _________ discipline). Accepting all of Torres' allegations as true--for purposes of summary judgment--we agree with the magistrate judge and the district court that tight handcuffs standing alone are not enough to proceed to trial on a constitutional claim. "[M]inor physical injuries simply are insufficient to support an inference that . . . officers used inordinate force to effect the intended arrest . . . ." Dean v. City of ____ _______ Worcester, 924 F.2d 364, 369 (1st Cir. 1991). Torres himself _________ said in deposition that he had never asked a doctor to treat the injury and never visited a hospital, nor is there any claim of permanent damage. Compare Hansen v. Black, 885 F.2d _______ ______ _____ 642 (9th Cir. 1989). The Supreme Court has cautioned against using subjective tests or looking to motivation in appraising excessive force claims under the Fourth Amendment. Graham, 490 U.S. at 397- ______ 99. Yet Torres' claim fares no better even if one thinks that why an action was taken might cast some indirect light on the objective reasonableness of the action. Here, there is no evidence that the police deliberately aimed to mistreat -4- -4- Torres, to retaliate against him, or to do anything unrelated to ordinary security measures in aid of an arrest. Compare _______ Hansen, 885 F.2d at 645. ______ This conclusion disposes of the case as it has been briefed on appeal. Torres' children claim to have been scared during the arrest but, with nothing more alleged, this is hardly actionable conduct. Torres' wife was apparently searched at another location but nothing in the appeals brief even hints at the supposed wrong. Finally, the brief refers in passing to testimony given by one of the agents at trial but the brief does not explain what was unlawful, and we treat the issue as abandoned. Affirmed. ________ -5- -5-